Iván A. Ramos (ct#14122)
Pro Hac Vice
RamosLaw
255 Main Street - Suite 401
Hartford, Connecticut 06106

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GABRIEL FENTEANY**<br>Plaintiff<br><br>**V.**<br><br>**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**<br>Defendant | **CIVIL ACTION NO: 1:16-cv-2788**<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br><br>**APRIL 14, 2016** |

Plaintiff Gabriel Fenteany ("Plaintiff"), by his attorney Iván A. Ramos, complaining of Defendant The Prudential Insurance Company of America ("Defendant") alleges:

### THE PARTIES

1.      Plaintiff is a citizen of the State of New York who resides at 712 West

176th Street, Apt. 1F, New York, NY 10033.

2.      Defendant is a New Jersey corporation with its corporate headquarters located at 751 Broad Street, Newark, NJ  07102.

3.      Defendant is an insurance company duly licensed to do business in the State of New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a), in that Defendant is deemed to reside in the District pursuant to 28 U.S.C. §1391(c); as an insurance company licensed to do business in the State of New York, Defendant has consented pursuant to New York Insurance Law to personal jurisdiction in the District.

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

6.      From 2000 to 2013 Plaintiff worked as a college chemistry professor.

7.      Plaintiff holds a doctorate degree in chemistry from Harvard University

and has received numerous awards and honors including being named American Cancer Society Research Scholar from 2002 to 2006.

8.      From 2006 to 2013 Plaintiff worked at the University of Connecticut as a college chemistry professor.

9.      On April 15, 2008 the Board of Trustees of University of Connecticut voted to approve Plaintiff's tenure and promoted him to Associate Professor in the Chemistry Department effective August 23, 2008.

10.     Defendant issued long term disability group insurance policy No. 49950 (hereinafter the "Policy") to the University of Connecticut.

11.     At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible University of Connecticut employees in exchange for the payment of premiums by the University of Connecticut and/or the employees.

12.     At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy.

13.     Said policy provided, among other things, that disability insurance payments would be made to Plaintiff in the event that he became disabled due to injury or sickness.

14.     According to the Policy, an insured is considered disabled and eligible for benefits if due to sickness or injury he or she is unable to perform the material and substantial duties of his or her regular occupation.

15.     On or about November 5, 2012, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

16.      Plaintiff's disability is caused by bipolar disorder, general anxiety disorder, depression and compulsive obsessive disorder.  These mental health conditions have produced symptoms of suicidal ideation, hopelessness, extreme mood swings, explosive outbursts of anger and violence, insomnia, poor attention, racing thoughts, disorganized thought process, de-realization, elation, delusional system affect, alcohol addiction and prescription drug abuse.

17.     From November 5, 2012 to the present time, Plaintiff's symptoms have prevented him from performing the material and substantial duties required for his regular occupation as a college chemistry professor.

18.     During two brief periods of time, from January 4, 2013 to February 21, 2013 and from August 23, 2013 to November 16, 2013, Plaintiff unsuccessfully

attempted to return to work.  Due to persistent symptoms associated with his mental health conditions, he was unable to maintain the concentration, persistence and pace needed to perform the material and substantial duties of his regular occupation.

19.    After completing the elimination period of 180 days, Plaintiff was eligible to begin receiving long term disability benefits under the Policy on May 4, 2013.

20.    Defendant approved and paid Plaintiff long term disability benefits from May 4, 2013 to August 14, 2014.

21.    On a February 18, 2014 letter Defendant notified Plaintiff that it was declining to pay long term disability benefits beyond August 14, 2014.

22.    Plaintiff timely filed a first administrative appeal of Defendant's decision not to pay long term disability benefits beyond August 14, 2014.

23.    In a letter dated July 14, 2015, Defendant denied Plaintiff's first administrative appeal and upheld its discontinuance of Plaintiff's benefits.

24.    Subsequently, Plaintiff timely submitted a second administrative appeal of Defendant's discontinuance of benefits.

25.    In a letter dated January 29, 2016, Defendant denied Plaintiff's second administrative appeal and, once again, upheld its decision not to pay long term

disability benefits beyond August 14, 2014.

26.    Defendant made its determination to discontinue long term disability benefits based entirely on a paper review of Plaintiff's file.  Defendant failed to conduct any face to face psychiatric or psychological evaluations of Plaintiff.

27.    As part of his administrative appeals, Plaintiff submitted compelling psychiatric evidence that the shows that he continues to be unable to perform his regular occupation as a chemistry professor, including medical evidence that shows that less than a year after the discontinuance of his benefits he had to be re-hospitalized due to the severity of his persistent suicidal ideation.

28.    Additionally, as part of the administrative appeal process Plaintiff submitted a 17 page forensic psychiatric evaluation conducted by Dr. Manuel Lopez-León.  Dr. Lopez-León is of the opinion that despite Plaintiff's "history of impressive academic achievements and his high intellectual capabilities, due to the severity of his symptoms" he does not have the mental capacity to work.  He further states: "Because of his [Plaintiff's] psychiatric condition it is extremely unlikely that he will be able to hold a job, and much less perform his functions as a chemistry professor at the University of Connecticut as per the 'UConn Job Description'."

29.     As of this date, Plaintiff continues to be disabled in that he is unable to perform the material duties of his regular occupation.

30.      Despite Plaintiff's continued disability, Defendant has denied benefits to Plaintiff beyond August 14, 2014 and, continues to refuse to pay these benefits although payment thereof has been duly demanded.

31.     Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.   It is contrary to the preponderance of the evidence and it is unreasonable.

32.     Plaintiff has exhausted all administrative remedies under the Policy.

33.     The stress and financial uncertainty caused by Defendant's denial to pay disability benefits proximately caused an increase in Plaintiff's symptomatology of his mental health conditions.

34.     As a result of Defendant's denial to pay disability benefits, Plaintiff has not been able to financially provide for his two children who are dependent on their father's financial support.

## **COUNT I**

35.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 above.

36.     Under the terms of the Policy, Defendant agreed to provide Plaintiff with certain disability insurance benefits in accordance with the terms and conditions set forth.

37.     Plaintiff has been totally disabled under the terms of the Policy since November 5, 2012.

38.     Defendant has not paid disability benefits under the Policy since August 14, 2014, despite the fact that Plaintiff was and is totally disabled under the terms of the Policy due to his disabling mental health conditions.

39.     By reason of the foregoing, Plaintiff is entitled to benefits under the Policy from August 14, 2014 to the date of final judgment in this action, together with interest thereon.

## **COUNT II**

40.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 above.

41.     Plaintiff has been disabled under the terms of the Policy since November, 4, 2012 and has produced to Defendant compelling medical evidence demonstrating that he will remain totally disabled from performing his regular occupation due to his disabling conditions.

42.     By reason of the foregoing, Plaintiff is entitled to a declaration of this Court that he is entitled to benefits under the Policy for each month in the future up to the first policy anniversary following Plaintiff's 65th birthday.

## COUNT III

43.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 above.

44.     Plaintiff has been disabled under the terms of the Policy since May 12, 2012 and has produced to Defendant compelling medical evidence demonstrating that he continues to be totally disabled under the terms of the Policy due to his disabling conditions.

45.     Defendant has repudiated its obligations under the Policy.

46.     By reason of the foregoing, Plaintiff is entitled to a lump sum equal to the present value of the monthly disability benefits that he is entitled to receive under the terms of the Policy with the assumption that he will survive until the first policy anniversary following Plaintiff's 65th birthday.

## COUNT IV

47.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 above.

48.     The Policy included an implied covenant of good faith and fair dealing.

49.     Defendant had a duty under the Policy to investigate, bargain for and settle claims in good faith.

50.     At the time that Defendant issued the Policy, it was reasonably foreseeable that the Policy would cover individuals who would be vulnerable to emotional distress in the event that benefits were denied in bad faith.

51.     At the time Defendant issued the Policy, it was reasonably foreseeable that many insureds under the Policy would be particularly vulnerable to stress as a result of their specific disabilities, such as individuals who suffer from bipolar disorder, depression and anxiety and other illnesses where stress is a common contributing factor.

52.     Defendant had particular knowledge of Plaintiff's vulnerability to stress when it terminated his claim in bad faith because it knew that he was already otherwise disabled due to bipolar disorder, major depression, anxiety disorder, and associated symptoms.

53.      At the time that Defendant issued the Policy, it was reasonably foreseeable that many insured's depend on benefit payments to replace their wages.

54.     Armed with this knowledge, Defendant should have been more diligent in making sure that its termination was proper.

55.     Defendant failed to conduct an in person psychiatric or psychological evaluation of Plaintiff.

56.     Despite the compelling evidence supporting Plaintiff's ongoing disabling conditions, Defendant has only paid Plaintiff approximately 12 months disability benefits in bad faith.

57.     Defendant violated its duty of good faith and fair dealing.

58.     Defendant violated its duty to investigate, bargain for and settle claims in good faith.

59.     As a proximate result of Defendant's improper termination of benefits, Plaintiff has suffered great emotional distress and financial damage.

## COUNT V

60.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 59 above.

61.     By reason of Defendant's failure to pay Plaintiff disability benefits as due under the terms of the Policy, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's

fees.

**JURY DEMAND**

62.      Pursuant to FED. R. CIV. P. 38, Plaintiff demands trial by jury of all issues

so triable.  WHEREFORE, Plaintiff demands judgment against Defendant:

A.  For the amount of all disability benefits due under the terms of the
Policy that have not been paid from August 14, 2014 to the date of
final judgment in this action, together with interest thereon;

B.  Clarifying and declaring that Defendant is obligated to pay Plaintiff
disability benefits in the future as required by the Policy;

C.  Awarding a lump sum equal to the present value of the monthly
disability benefits that Plaintiff is entitled to receive under the terms
of the Policy based on the assumption that he will survive until the
first policy anniversary following the date that Plaintiff turns age 65;

D.  For such amount to be determined at trial as to fairly compensate
Plaintiff for the emotional distress he has and continues to suffer as
a consequence of Defendant's bad faith.

E.  For such amount to be determined at trial as to fairly compensate
Plaintiff for the financial damages he has and continues to suffer as

a consequence of Defendant's bad faith.

F.  For the costs of this action and Plaintiffs attorney's fees; and

G.  For such other and further relief as may be deemed just and proper

by the Court.

Dated:  Hartford, Connecticut
April 14,2016

PLAINTIFF

By     /S/  Iván A. Ramos
Iván A. Ramos  (ct#14122)
RamosLaw
255 Main Street, Suite 401
Hartford, Connecticut 06106
Tel. (860) 519-5242
Fax. (860) 838-6403
ivan@ivanramoslaw.com

13